IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

VICTORIA L. HAYNES PLAINTIFF

v. Civil No. 6:26-cv-06111

BENTON NED BASS, *et al* DEFENDANTS

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This is a civil action filed by Victoria L. Haynes. ECF No. 2. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). This case is before the Court for preservice screening. Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen a complaint filed *in forma pauperis.*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable John Thomas Shepherd, District Judge, referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court recommends Plaintiff's case fails to state a claim on which relief may be granted and must be **DISMISSED.**

## I. Background

Plaintiff filed this action *pro se* on August 26, 2026. ECF No. 2. The Court granted Plaintiff's IFP Application but ruled the matter of service would be determined at a later date. ECF No. 9. Plaintiff's claims all relate to allegations involving her divorce from Defendant Benton Ned Bass.[1] ECF No. 2. Defendants Brian J. Reis and Michelle Strauss are both attorneys who have represented Defendant Bass in some capacity in the past. Plaintiff's Complaint contains allegations regarding her divorce and allege a conflict with the presiding judge, improper court

[1] A review of exhibits suggests the divorce litigation has been going on since 2007. ECF No. 2-1.

orders, improper property division, conspiracy with State officials, and violations of a post-nuptial contract. *Id.*

## II. **Applicable Law**

The Court is obligated to screen this case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. **Discussion**

Although Plaintiff seeks to bring this action under federal question jurisdiction because she alleges constitutional violations pursuant to 42 U.S.C. § 1983, her claims all relate to her divorce from Defendant Benton Ned Bass. ECF No. 2. The domestic relations exception divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child support. *Wallace v. Wallace*, 736 F.3d 764, 766 (8th Cir. 2013); *see also Davison v. State of Ark.*, 989 F.2d 504 (8th Cir. 1993) (unpublished) (holding federal court lacks subject matter jurisdiction over § 1983 claims related to the division of marital assets). Claims that are

inextricably intertwined with state domestic relations are beyond the scope of federal jurisdiction. *Wallace*, 736 F.3d at 767 (citing *Kahn v. Kahn,* 21 F.3d 859 (8th Cir. 1994)). As a result, this Court lacks subject-matter jurisdiction to consider any of Plaintiff's claims.

Additionally, even if this court could properly exercise jurisdiction, it should abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), as applied by *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982). The Supreme Court has made clear that lower federal courts must decline to hear challenges to pending state actions involving important state interests. *See Moore v. Sims*, 442 U.S. 415, 435 (1979) ("[f]amily relations are a traditional area of state concern.").

Finally, the *Rooker-Feldman* doctrine would preclude this Court's exercise of jurisdiction in this matter. The *Rooker–Feldman* doctrine "applies to cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp*., 544 U.S. 280, 284, 287 (2005). Here, it appears a state court previously adjudicated the property division and divorce as it relates to Plaintiff's claims in this matter. While the state court may possess the power to amend its orders and judgments, this federal court does not*.* *Lemonds v. St. Louis Cnty*, 222 F.3d 488, 492 (8th Cir. 2000).

## IV. Conclusion

For the foregoing reasons, this Court recommends Plaintiff's Complaint (ECF No. 2) against the Defendants be **DISMISSED WITH PREJUDICE.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are**

**reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 3rd day of September 2026.**

/s/ Spencer G. Singleton
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE